IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERNEST A. ARMIJO,

    Plaintiff,

vs.                                                 Civ. No. 00-1799 WWD/LFG ACE

DEBORAH L. HARTZ, Secretary,
New Mexico Children, Youth and
Families Department,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon a Motion for Summary Judgment filed by Defendant on February 22, 2002 [docket no. 27].

### *Background*

Plaintiff alleges that he was retaliated against because his wife filed suit against Defendant and others. Defendant's Statement of Undisputed Material Facts are not contested by Plaintiff in any effective way,[1] therefore these facts as set out below are accepted by the Court.

---

[1] Plaintiff fails to dispute any of Defendant's material facts in accordance with the local district rules. See D.N.M.LR-Civ. 56.1(b) (describing the manner in which a non-movant must dispute a movant's material facts and providing that "[a]ll material facts set forth in the statement of the Movant will be deemed admitted unless specifically controverted").

-1-

*Defendant's Statement of Undisputed Material Facts*

1. At all material times, Plaintiff was employed by the New Mexico Children, Youth and Families Department ("CYFD") as a Juvenile Corrections Officer at the New Mexico Boys School in Springer, New Mexico. (Complaint, para.2).

2. Plaintiff is the spouse of Lori Lucero, an individual who has complained of unlawful discrimination against employees of CYFD in the case of *Maria Consuelo Chavez, et al. v. State of New Mexico, et al.,* USDCNM No. CIV 00-0423 JC/WWD-ACE. (Complaint, para.3).

3. Plaintiff contends Defendant knew of his relationship to his wife, Lori Lucero, and that she had engaged in activity in protest of discrimination at the New Mexico Boys School. (Complaint, para. 8).

4. Plaintiff, while working at the New Mexico Boys School, applied for approximately five positions at the New Mexico Boys School. (Complaint, para.15).

5. Plaintiff was not selected for any of those positions. (Complaint, para. 17).

6. When he was not selected for those positions, Plaintiff filed grievances with CYFD, on June 12, 2000, July 20, 2000 and July 28, 2000. (Ex. "A", "B" and "C"). In his grievances, Plaintiff alleged he was not given the positions and was retaliated against because of his relationship with his wife. (Ex. "A", "B" and "C").

7. Plaintiff's wife and her co-plaintiffs filed their lawsuit on March 22, 2000. (Ex. "D").

8. Defendants filed their Answer to Plaintiff's wife's lawsuit on August 21, 2000. (Ex. "E").

9. On or about August 14, 2000, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging retaliation in the denial of the five

positions, allegedly because his wife has an ongoing lawsuit against CYFD and because he has been identified as a witness in his wife's pending discrimination lawsuit. (Ex. "F", Charge of Discrimination, attached hereto).

Paragraph #10 was skipped in the statement of undisputed facts.

11. According to Ex. "F", the acts of retaliation complained of occurred from October 20, 1999 to July 17, 2000. (Ex. "F").

12. In connection with his charge of discrimination, Plaintiff submitted an affidavit in which he contended he was retaliated against in the denial of the five positions, allegedly because his wife has an ongoing lawsuit against CYFD and because he has been identified as a witness in his wife's pending discrimination lawsuit. (Ex. "G", Affidavit to the EEOC).

13. Plaintiff was first listed as a potential witness in his wife's lawsuit when their Initial Pretrial Report was submitted to the defendants on October 27, 2000, and which was filed with the court on November 7, 2000. (Ex. "H" and Ex. "I").

14. Plaintiff was also identified as a potential witness in his wife's Rule 26 Initial Disclosures which were mailed to defense counsel on or about January 8, 2001. (Ex. "J").

15. Plaintiff's complaint does not demonstrate that his qualifications for the approximately five positions for which he applied were superior to those of the successful candidates (See Plaintiff's Complaint).

16. Plaintiff's wife's case is still pending and Plaintiff has never provided any testimony in that case. (Ex. "K", Affidavit of Judith C. Herrera).

***Plaintiff's Response to Defendant's Motion for Summary Judgment***

Plaintiff's response sets out the legal standard for summary judgment, the law regarding retaliation against an employee who assists another in Title VII enforcement procedures, a letter from opposing counsel seeking vacation of a settlement conference in this cause, various arguments concerning whether the contents of the letter would preclude entry of summary judgment, an affidavit from Plaintiff's wife in a companion case, various evidentiary arguments, argument that Plaintiff is not required to exhaust administrative remedies with respect to "like and related" Title VII claims, and certain other matters not germane to this motion.

*Discussion*

Plaintiff fails entirely to meet the "undisputed material facts" asserted by Defendant. Moreover, Plaintiff's argument and evidence do not establish the existence of a genuine issue as to any material fact. For example, Defendant contends that although Plaintiff is married to Lori Lucero, who has filed a complaint alleging unlawful discrimination at CYFD, Plaintiff was not listed as a potential witness in Ms. Lucero's lawsuit until October 27, 2000. Def.'s Mem. in Support of Mot. at 4 (Fact No. 13). Consequently, because Plaintiff was denied five positions to which he applied before October 27, 2000, Defendant argues that no causal connection exists between Plaintiff's identification as a witness and the denial of those positions to Plaintiff. Plaintiff does not dispute Defendant's assertion that he was not identified as a witness in his wife's lawsuit until October 27, 2000.[2] Instead, Plaintiff argues that "the fair inference is that he was . . .

---

[2] In his EEOC charge dated August 14, 2000, Plaintiff stated that he had "been identified as a witness in my wife's pending discrimination lawsuit, and management is aware of this." Ex. F to Def.'s Mem. in Support of Mot. However, Plaintiff does not point to any evidence of Defendant's "awareness" prior to October 27, 2000. Further, by August 14, 2000, Plaintiff had already experienced the denial of the five positions that he alleges constituted Defendant's retaliatory acts. See id.

closely associated with his wife and . . . support[ed] her in her discrimination complaint activity." Pl.'s Resp. to Def.'s Mot. at 14 (emphasis added). However, even assuming Plaintiff's inference of "association" and "support", it is insufficient to establish a claim of retaliation against Plaintiff under Title VII.

Title VII prohibits an employer from discriminating against an employee because he has opposed an unlawful practice or "because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a).³ An employee does not have automatic standing to assert a retaliation claim "simply because his spouse has engaged in protected activity." Holt v. JTM Indus., Inc., 89 F.3d 1224, 1227 (5th Cir. 1996) (J. Dennis, dissenting) (addressing the analogous anti-retaliatory provision of the Age Discrimination in Employment Act); see also Morfin v. Albuquerque Pub. Sch., 906 F.2d 1434, 1439 (10th Cir. 1990) (dismissing a First Amendment retaliation claim where plaintiff did not assert that she "actually assisted" her husband with his complaint and holding that "[m]erely showing one's support is not sufficient"). Other than his potential witness status, Plaintiff does not describe or point to evidence of how he "supported" his wife in her protected activities.⁴ Plaintiff's allegations of "association" and "support", without more, do not constitute assistance or participation for purposes of Title VII's anti-retaliation clause.

Plaintiff's argument that Defendant's conduct towards Ms. Lucero and her fellow plaintiffs forms a contextual basis and circumstances dictating against the issuance of summary

---

³ Plaintiff does not allege that Defendant retaliated against him because he opposed an unlawful practice or made a charge with respect to Title VII.

⁴ A large portion of Plaintiff's affidavit consists of non-specific and/or conclusory statements without citation to any supporting evidence.

judgment is not, in light of the undisputed facts above, well taken.  Similarly, Plaintiff's argument that he can make a case under 42 U.S.C. § 1983 or § 1985 fails to address the issues raised in Defendant's motion.[5]

Finally, Plaintiff has failed to exhaust his administrative remedies with respect to his claims for hostile work environment and constructive discharge.  I do not agree with Plaintiff's contention that these claims are "like and related" to the claim of retaliation he has made to the EEOC.

**WHEREFORE,**

I**T IS ORDERED** that Defendant's Motion for Summary Judgment be **GRANTED,** and that this Cause and the Complaint herein be **DISMISSED.**

_____
**UNITED STATES MAGISTRATE JUDGE**

---

[5] Plaintiff's lawsuit was brought pursuant to Title VII and the New Mexico Human Rights Act.  Defendant correctly points out that Plaintiff did not bring this lawsuit under § 1983 or § 1985.  See Complaint **[Doc. 1]**.